8

WESTERN DRUG OF GREAT FALLS, a Corporation, Plaintiff and Appellant, v. GEORGE M. GOSMAN, FRANK J. LENZ and ERVIN S. THORESON, Individually and as Members of the Montana State Board of Pharmacy, and EMIL SCHOENHOLZER, as Secretary of the Montana State Board of Pharmacy, Defendants and Respondents.

No. 10359.
Submitted May 17, 1962.   Decided September 14, 1962.
374 P.2d 507.

Jardine, Stephenson, Blewett & Weaver and L. Morris Ormseth, Great Falls (argued orally), Edward J. Ober, Jr., Havre, for appellant.

John W. Bonner, Helena (argued orally), Forrest H. Anderson, Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in the district court of Cascade County, Montana, affirming an order of suspension of the pharmacy license of the plaintiff made by the Montana State Board of Pharmacy.

It appears that the Montana State Board of Pharmacy, hereinafter referred to as the Board, having received a complaint that the plaintiff had sold drugs without labeling, instructed its secretary to get proper evidence and then start prosecution. Thereafter the secretary of the Board asked an employee of a member of the Board to go to the plaintiff's store and purchase some Gelusil tablets. The employee, in company with the secretary, went to the store of the plaintiff on October 8, 1960, and purchased 100 Gelusil tablets. The tablets were sold to him by an unidentified person in the store of plaintiff and delivered to him in a paper envelope. This envelope bore advertising of the plaintiff but had no label as to the contents.

Thereafter on December 12, 1960, the secretary filed a complaint with the Board charging the plaintiff with having been engaged in a course of conduct in violation of Chapter 15, Title

66, R.C.M.1947, and particularly section 66-1523, R.C.M.1947, in that it sold the tablets and "at said time willfully, negligently or ignorantly omitted to label the package."

A notice of hearing was issued the same day by the secretary, directed to the plaintiff, giving notice that a hearing would be held by the Board to determine whether or not the certified pharmacy license of the plaintiff should be revoked because of the complaint and allegations set forth therein. Plaintiff was notified that it might attend such hearing and show cause why its license should not be revoked or suspended for the violation of the law and particularly section 66-1523, as charged and set forth in the complaint.

At the hearing, proof was offered of the sale, and that Gelusil was a drug. Plaintiff's chief pharmacist and its president testified they did not condone the sale of Gelusil without a label. The chief pharmacist testified that he did not make the sale and that such a sale would be contrary to his orders, instructions and policy. He testified that to protect the public, himself and everyone else drugs should be labeled.

The hearing was concluded and thereafter the Board made an order suspending plaintiff's license for a period of ten days.

The plaintiff then brought this action upon a petition for a review of the Board's order contending: (1) that the evidence did not sustain the charges in the complaint; (2) that Gelusil was a common antiacid, not requiring a prescription, and that there was no competent evidence that it was a drug within the meaning of the statutes; (3) that one of the members of the Board was a competitor of plaintiff whose employee made the purchase complained of, and that the member did not disqualify himself from participating in the hearing; (4) that the Board erroneously interpreted the meaning, application and purpose of section 66-1523, R.C.M.1947; and, (5) that the order of the Board was in excess of the power and authority granted by section 66-1508, R.C.M.1947, and further that said order was (a) contrary to the evidence and not supported by substantial

evidence and contrary to law, (b) based upon bias and prejudice and a denial of a fair and impartial hearing and so excessive and unreasonable as to perpetrate an injustice, (c) arbitrary, capricious and unlawful, and (d) a denial of due process of law and a taking of private property without due process of law.

The Board answered and the matter came on for hearing before the district court. Plaintiff offered additional testimony, but objection was made by the Board on the ground that the court was without jurisdiction to hear additional evidence being limited solely to a review of the record made before the Board. The court permitted the testimony to be received, subject to the objection.

After the hearing had concluded the court sustained the objection.

The court found:

"That on or about October 8, 1960, one Charles Tinney bought from the said Western Drug of Great Falls, from some unidentified person, one hundred (100) Gelusil tablets in an unlabeled package.

"That said Gelusil tablets are a drug as defined by the statutes of the State of Montana but are not such a drug as required the prescription of a physician for purchase.

"That on the 31st day of January, 1961, after due hearing thereon the Montana State Board of Pharmacy suspended the license of Western Drug of Great Falls, a corporation, being Certified Pharmacy license number 130, for a period of ten (10) days, effective and beginning February 25, 1961, * * *

"That the record shows an undisclosed and unnamed employee of Western Drug of Great Falls, a corporation, sold said Gelusil tablets to the said Charles Tinney.

"That the temporary suspension of the Certified Pharmacy license number 130 issued to the plaintiff, Western

Drug of Great Falls, a corporation, is a severe and harsh penalty.''

And then concluded: ''The Western Drug of Great Falls, a corporation, was responsible for the negligent sale by one of its unnamed employees of the said Gelusil tablets, and the exercise by the Board of its power to suspend the license of the Western Drug of Great Falls, a corporation, is a valid exercise of the Board's police power, and while the penalty, in the opinion of the Court, is a severe and a harsh one, the Court deems itself without jurisdiction or authority to set aside or reduce said penalty.''

The court then sustained the suspension. Motion was made for additional findings, and upon the hearing it was stipulated that the court would make additional conclusions of law on the subjects requested by the plaintiff, and the court, by order, amended its conclusions of law by adding:

''That the said sale of Gelusil tablets constituted a violation of section 66-1523, R.C.M.1947.

''That a single sale of Gelusil tablets in violation of section 66-1523, R.C.M.1947, constituted an offense for which the Board could suspend or revoke plaintiff's license under the provisions of section 66-1508(c), R.C.M.1947.''

This appeal followed, and plaintiff specifies error (1) in sustaining defendant's objection to the introduction of evidence before the court and limiting the hearing to the review of the Board hearing record; (2) in determining that a single sale of Gelusil tablets in violation of section 66-1523, R.C.M.1947, constituted an offense by which the Board could suspend the plaintiff's license under section 66-1508(c) R.C.M.1947; (3) in determining that it was without jurisdiction to set aside or reduce the penalty imposed; (4) sustaining the ten (10) day suspension; and (5) failing to annul the action of the Board in suspending the license.

Turning to the first specification of error, absent a specific authorization in the statute providing for judicial

review that additional testimony may be received by the court, the district court was correct in its ruling. Ordinarily where additional testimony is received upon an appeal from an administrative action it is by virtue of a statutory provision. Insofar as the statute under consideration here is concerned in our opinion "The word 'review,' as used in this connection, means 'a judicial re-examination, as of the proceedings of a lower court by a higher' (Webster's International Dictionary); 'a second examination of a matter' (3 Bouv.Law Dict., page 2954), as on appeal State ex rel. First Nat. Bank of Molt, v. Heath, 58 Mont. 337, 352, 192 P. 1108).'' In re McCue, 80 Mont. 537, 261 P. 341.

██ ██ However, this view would not prohibit a showing being made in the district court of matters which had arisen since the Board's hearing or which were not then available or not in issue, and if such showing moves the discretion of the district court the cause could then be remanded to the Board for further proceedings. The evidence offered in this case upon the appeal to the district court had to do with the severity and harshness of the penalty assessed by the Board. While it is true, as contended by the Board, that such evidence could have been offered at the hearing, it is also worthy of note that in criminal prosecutions the defendant is permitted to be heard prior to the pronouncement of judgment. While this is not a criminal matter, the omission to label drugs is unlawful under the provisions of section 66-1523, R.C.M. 1947, and made a misdemeanor under the provisions of section 66-1526, R.C.M.1947. Were the prosecution conducted under the criminal law, a defendant would be granted an opportunity to be heard before sentence was pronounced and, in the discretion of the court, to present evidence in mitigation.

It appears to us that a sufficient showing was made at the hearing upon the appeal in the district court to warrant that court remanding the cause to the Board with instructions that such evidence be there placed in the record and be given

14

such further consideration by the Board as it deemed proper in the circumstances. This is specifically authorized by the statute (section 66-1509(c)) : "The court shall have power to * * * order the board to act further * * *."

Under the second specification of error appellant contends that a single sale would not constitute conducting a pharmacy in violation of the statute. The particular statute is section 66-1508(c), R.C.M.1947, which reads in part:

"The board may suspend, revoke or refuse to renew any store or pharmacy license * * * when the store or pharmacy is conducted in violation of the provisions of this act. * * *"

The statute insofar as pertinent here seems to us to be very clear and requires no interpretation. It says: "when the store or pharmacy is conducted in violation of the provisions of this act." A sale of unlabeled drugs, an unlawful act under the provisions of section 66-1523, is conducting the pharmacy in violation of the provisions of the act. There is no merit to appellant's contention.

The third, fourth and fifth specifications of error are directed to the extent of the power of the district court upon the appeal, and its failure to nullify the action of the Board. The district court in this cause concluded that it was without jurisdiction to set aside or reduce the penalty.

Section 66-1509, R.C.M.1947, provides for judicial review of the acts of the Board and in subsection (c) provides the powers of the court in the following words:

"(c) The court shall have power to sustain the board's action or annul the same, or order the board to act further or to restore any revoked license. Appeals from the district court's action to the supreme court may be taken at any time within sixty (60) days after the entry of the final order or judgment of the court."

This court has stated its views with reference to judicial review of the actions of administrative boards in previous

decisions, see Fulmer v. Board of Railroad Commrs., 96 Mont. 22, 28 P.2d 849; Board of Railroad Commrs. v. Sawyers' Stores, 114 Mont. 562, 138 P.2d 964, and Baker Sales Barn, Inc. v. Montana Livestock Comm'n, 140 Mont. 1, 367 P.2d 775, and we see no necessity to restate them here.

It appears quite clear from the record that the district court after hearing the testimony which pointed out the impact and effect of the penalty on the business of the appellant, as compared to the violation involved, felt that the penalty was harsh and severe. However, as heretofore pointed out, the court properly struck such testimony and then had before it only the record made before the Board which did not point out the harshness or severity of the penalty, and it is quite apparent that in such situation the court deemed itself without jurisdiction to set aside or reduce the penalty imposed. Under the statute, there is no question but what the court did possess jurisdiction to annul the action of the Board if the record before the Board indicated that the Board acted capriciously or arbitrarily, or without jurisdiction or authority under the law, in accordance with the principles enunciated in the cases above referred to, but absent the additional testimony which had been ordered stricken, the record before the Board would not sustain such action.

This cause is remanded to the district court with directions to remand the cause to the Board with instructions to permit the appellant to present evidence in mitigation and to further proceed in such cause in a manner not inconsistent with the views expressed in this opinion. It is so ordered.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, concur.

MR. JUSTICE DOYLE, did not participate in the hearing or determination of this appeal.